[No. 328.   Decided December 23, 1891.]

A. HARKER, *Respondent*, v. W. F. CROSBY, W. R. BALLARD
    AND CORDELIA J. CROSBY, *Appellants*.

#### APPEAL—RECORD IN EQUITABLE CASES.

Where an action commenced as a suit at law was, by consent of
the parties and the court, tried and decided as a cause in equity,
the supreme court, on appeal, will treat it as a cause in equity, and
dismiss the appeal, where the record does not contain the evidence.

*Appeal from Superior Court, King County.*

Motion by respondent to dismiss the appeal.

*J. C. Haines*, for appellants.
*Allen & Powell*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was commenced as a suit at law;
defendants answered setting up facts which they claimed
constituted a defense in equity, and asked that the further
proceedings in the cause be conducted in accordance with
the rules governing such suits. This course was taken,
and, by consent of all the parties and of the court, the
action was tried and decided as a cause in equity. Not
only was that the *status* of the case in the court below, but
appellants in this court still adhere to their claim that by
their answer the case was transformed from a suit at law
to a proceeding in equity. No statement of facts was set-
tled, and the cause is brought to this court upon the record,
without any of the testimony or other evidence being made
a part thereof.

Respondent moves to dismiss the appeal because this
court is not possessed of enough of the case to enable it to
hear and determine the matter in controversy. The mo-
tion must be granted, as this court has frequently decided
that in a case in equity this court gets possession of the

case for no purpose at all unless its possession is such that it can retry the case as fully as did the court below.

We do not decide whether or not the answer transformed the suit to one in equity, but we do decide that where both parties and the court have treated the case as in equity, and tried the same as such, this court will hold them bound by such action, and that, for the purpose of this appeal, this must be treated as a cause in equity, and governed by the rule announced in the case of *Enos v. Wilcox ante*, p. 44, and other cases decided by this court as above stated.

The motion to dismiss is granted.

ANDERS, C. J., and SCOTT, STILES and DUNBAR, JJ., concur.